IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIMBERLY LYNN CRICK                                                    PLAINTIFF

v.                              Case No. 4:24-cv-01026-KGB

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                        DEFENDANT

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 11). Plaintiff Kimberly Lynn Crick filed an objection to the Recommended Disposition (Dkt. No. 12). After careful review of the Recommended Disposition and Crick's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 11).

### I.    Background

Crick applied for Title II disability and disability insurance benefits on January 19, 2022, alleging a disability beginning on July 31, 2021 (*Id.*, at 1). Crick's application was denied initially and upon reconsideration (*Id.*, at 2). After conducting a hearing, the Administrative Law Judge ("ALJ") denied Crick's claim (*Id.*). The ALJ found that Crick had not engaged in substantial gainful activity since July 31, 2021, the alleged onset date of her disability (*Id.*, at 2). The ALJ found that Crick had the following severe impairments:  spinal stenosis with scoliosis and bilateral lower extremity neuropathy, carpal tunnel syndrome bilaterally, obesity, and tobacco abuse (*Id.*). The ALJ found that Crick's impairment did not meet or equal a listed impairment and determined that Crick had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations:  (1) she cannot climb ladders, ropes, and scaffolds; (2) she can no more than frequently walk on ramps and stairs; (3) she can no more than occasionally balance,

stoop, kneel, crouch, and crawl; (4) she can no more than frequently reach, handle, and finger with the bilateral upper extremities; and (5) she should avoid concentrated exposure to dust, fumes, and inhalant irritants (*Id.*, at 3). Based on testimony from a vocational expert, the ALJ determined that Crick was unable to perform her past work relevant work (*Id.*), but she could perform jobs that existed in significant numbers in the national economy such as sitting room attendant, storage facility rental clerk, and mail clerk (*Id.*). The ALJ found that Crick was not disabled (*Id.*). The Appeals Council denied Crick's request for review, and Crick requested judicial review of the ALJ's decision (*Id.*). Judge Harris reviewed the ALJ's decision, the entire record, including the briefs, and the transcript of the hearing (*Id.*, at 2–7).

On appeal, Crick argued that the ALJ improperly formulated the RFC by failing to account for limitations established by a state-agency physician of no more than occasional overhead reaching, that the Appeals Council erred by not granting review of the ALJ's decision and failing to incorporate proffered evidence, and that the ALJ erred by failing to evaluate properly Crick's mental impairments (Dkt. No. 7). Judge Harris determined that there is substantial evidence to support the ALJ's determination that Crick is not disabled, that the relevant findings and opinions were properly considered, that the Appeals Council did not err in its review of the new evidence offered by Crick, and that Crick's mental impairments were properly analyzed by the ALJ (Dkt. No. 11, at 8–12). After careful review of the Recommended Disposition and Crick's objections, as well as a *de novo* review of the record, the Court agrees.

## II.    Objections

The Court writes separately to address Crick's objections (Dkt. No. 12). Crick objects that the ALJ improperly formulated the RFC, that the Appeals Council erred by not granting review of the ALJ's decision and by failing to incorporate proffered evidence into the record, and that the

ALJ erred by failing to evaluate properly her mental impairments (Dkt. No. 12).  Essentially, Crick raises the same arguments in her objections that she raised in her opening brief.

Crick objects to Judge Harris's conclusion that the ALJ credited the opinions of both state-agency physicians but harmonized the opinions to settle on an RFC for frequent reaching with the bilateral upper extremities (Dkt. No. 12, at 1–3) and that the ALJ did not discuss that the state-agency physicians' opinions did not address newly diagnosed impairments (*Id.*, at 3–4).  Crick urges that the ALJ "made his unequivocal finding to credit [Rosey Seguin-Calderon, M.D.] without qualification," but Crick's argument is not supported by the opinion (*Id.*, at 2).  In determining that Crick was not disabled, the ALJ stated that he could not "give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources." (Dkt. No. 6-2, at 86).  The ALJ specifically stated that he "full[y] considered the medical opinions and prior administrative medical findings," including those of the state-agency physicians, along with all the evidence in the record (*Id.*).

Relying on the administrative record, Judge Harris found that the ALJ had considered the opinion of both state-agency experts, Dr. Ken Murphy, M.D. and Dr. Seguin-Calderon, along with the other evidence in the record, in coming to his conclusion that Crick maintained the RFC for frequent reaching with the bilateral upper extremities (Dkt. No. 11, at 8–9).  As Judge Harris notes in her Recommendation, the ALJ supported this RFC throughout the opinion (*see* Dkt. No. 6-2, 84–88) with reference to Crick's musculoskeletal exams, which were grossly normal; conservative treatment, which reportedly improved her symptoms; and reference to her decisions to decline surgery on her back or neck.  The Court remains convinced, based on its *de novo* review, that there

3

is substantial evidence to support the ALJ's determination that Crick is not disabled.  Accordingly, the Court overrules this objection.

Second, Crick objects to Judge Harris's finding that the Appeals Council did not err by declining to add to the record the two-page, checkbox opinion of Franklin Chambers, M.D. dated January 29, 2024, and declining review of the hearing decision (Dkt. No. 12, at 4).  The Appeals Council determined that Dr. Chambers's opinion did not "show a reasonable probability" of changing the outcome of the decision (Dkt. No. 6-2, at 3).  Crick argues that the opinion corroborates "the significance of the MRI findings and Crick's worsening of symptoms." (Dkt. No. 12, at 4).  As Judge Harris noted in her Recommended Disposition, the law in the Eighth Circuit is that short, checkbox opinions may properly be discounted if they are conclusory or unsupported by relevant medical evidence.  *See Thomas v. Berryhill*, 881 F.3d 672, 675–676 (8th Cir. 2018).  In this case, Dr. Chambers's opinion is conclusory and unsupported by medical evidence (*see* Dkt. No. 9, at 3–4).  The opinion concludes that Crick could not perform even sedentary exertional work due to back pain and leg numbness, but the opinion provides no citation to record evidence or diagnostic testing (*Id.*).  Considering Dr. Chambers's opinion, the Court remains convinced, based on its *de novo* review, that there is substantial evidence to support the ALJ's determination that Crick is not disabled, even in the light of the new evidence.  Accordingly, the Court overrules this objection.

Finally, Crick objects that the ALJ erred by failing to evaluate properly Crick's mental impairments.  Having examined the record, the Court concludes that there was no significant error by the ALJ in weighing the evidence as to Crick's mental impairments, especially that of the State Agency consultants' opinions, and in assigning Crick's mental RFC based on these opinions and

the substantial evidence in the record regarding Crick's lack of formal mental treatment and lack of mental limitations.

Having considered the objections and the record evidence before the Court, the Court concurs with Judge Harris that there is substantial evidence to support the Commissioner's decision, that the RFC incorporated all of Crick's credible limitations, that the new evidence did not show a probability of changing the outcome, and that the ALJ did not err in finding Crick did not have severe mental impairments (Dkt. No. 11, at 13).  In so finding, the Court overrules Crick's objections (Dkt. No. 12).

III.    Conclusion

For the above reasons, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 11).  The Court overrules Crick's objections (Dkt. No. 12).  Crick's complaint is dismissed with prejudice (Dkt. No. 2).  Judgment will be entered accordingly.

It is so ordered this 23rd day of February, 2026.

Kristine G. Baker
Chief United States District Judge